UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV19-02836 JAK (SSx) | Date | May 7, 2019 |
| Title | JRM Financial, LLC v. Placemark Properties, LLC et al. | | |

**Present: The Honorable** JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING ACTION JS-6

For the reasons stated in this Order, this action is **REMANDED** sua sponte to the Los Angeles Superior Court due to lack of federal, subject matter jurisdiction.

On April 12, 2019, Defendants Placemark Properties, LLC, Avis Copelin, and Chris L. Chester removed this unlawful detainer action. Notice of Removal, Dkt. 1. They later filed two supplements to the notice of removal. Dkts. 5, 8. The Notice of Removal relies on federal question jurisdiction, arguing in relevant part that certain licensing requirements of the Secure and Fair Enforcement for Mortgage Licensing Act of 2008 (the "SAFE Act") were not satisfied by Plaintiff. Notice of Removal, Dkt. 1 at 3.

Federal courts are ones of limited jurisdiction, and have subject matter jurisdiction only over matters authorized by the Constitution and federal statutes. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A district court is required to consider whether there is subject matter jurisdiction in an action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A failure to do so could result in the entry of orders in action that are void. For similar reasons, a district court may remand a case summarily if the absence of subject matter jurisdiction is apparent and clear. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted). A party who seeks to remove an action bears the burden of establishing federal jurisdiction. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Review of the Notice of Removal and attached Complaint shows that there is no federal question subject matter jurisdiction over the unlawful detainer claim under 28 U.S.C. § 1331. The Complaint only alleges a standard action for unlawful detainer. That claim to the right to possession of real property arises under California law. *See Wescom Credit Union v. Dudley*, No. CV10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. ED CV09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding unlawful detainer claim action for lack of subject matter jurisdiction).

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-02836 JAK (SSx) | Date | May 7, 2019 |
| Title | JRM Financial, LLC v. Placemark Properties, LLC et al. | | |

To the extent Defendants seek to invoke federal question jurisdiction based on the affirmative defenses they may seek to advance, the outcome is the same. An affirmative defense cannot provide a basis for federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

To the extent Defendants seek to invoke jurisdiction on the basis of diversity of citizenship, the underlying unlawful detainer action is a limited civil action in which the amount in controversy does not exceed $25,000. *See* Complaint, Dkt. 1 at 6-8.

Because neither Plaintiff's Complaint nor Defendants' Notice of Removal provides any basis for subject matter jurisdiction, it is hereby ordered that this action is **REMANDED** to the Los Angeles Superior Court at its Stanley Mosk Courthouse (Case No. 18STUD11798). Plaintiff shall give telephonic notice of this Order to Defendants forthwith and file a corresponding proof of service in this case on or before three days from the issuance of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |